IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                              Plaintiff,

     v.

                                                    OPINION and ORDER

CATHY A. JESS, TIM HAINES, L.R. IVERSON,
VICKI SEBASTAIN, PETER HUIBREGTSE,                  18-cv-680-jdp
T. OVERBO, CHAPLAIN EWING, G. BOUGHTON,
A. BROADBENT, and CO II BARTELS,

                              Defendants.

---

Plaintiff Titus Henderson, appearing pro se, alleges that prison officials discriminated against him as an African American and as a Muslim by denying him religious meals and property, and that he suffered adverse health consequences from the denial of meals. He brings claims under the First Amendment, Eighth Amendment, Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.

In a March 10, 2020 order, I granted defendants' motion for summary judgment on exhaustion grounds in most respects. Dkt. 50. Henderson has filed a motion for reconsideration of that order. Dkt. 54.

Henderson contends that I should not have granted defendants' motion without holding a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). I stated that the court did not need to hold a *Pavey* hearing because none of the relevant issues boiled down to disputed issues of material fact. Dkt. 50, at 3. I based my rulings largely on the administrative grievance records provided by the parties, denying the motion where defendants were unable to produce records indicating what occurred in Henderson's grievance proceedings from several

years ago. Henderson does not provide any factual disagreement with defendants' summary judgment materials, so there's no reason for me to reconsider my decision on this ground.

Henderson alleges that defendants deprived him of Ramadan meals over parts of each season from 2010 to 2014, for various reasons. I denied defendants' exhaustion motion for the claims about the 2010 and 2012 denials because defendants conceded that he had properly exhausted those claims. I dismissed his claims about the 2011, 2013, and 2014 denials because his grievances about those deprivations were not properly exhausted. Henderson now argues that I should consider all of those claims exhausted because under *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013), which states that an inmate "need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing." *Id.* at 650. I applied *Turley* in concluding that Henderson exhausted his multi-year Ramadan prayer-oil claims because he was challenging policies that deprived him of prayer oil every Ramadan season. Dkt. 50, at 7. But I did not apply *Turley* to Henderson's Ramadan-meal claims because he was denied meals each year for different reasons and not under a particular policy generally applying to each year's deprivation. Henderson does not explain why all of his meal claims should be treated as one continuous violation under *Turley*, so I will deny his motion for reconsideration on this ground.

Henderson says that he properly exhausted his claims about being denied Islamic reading materials while he was in segregation because he filed a 2008 grievance about being denied personal books in general. I granted defendants' exhaustion motion on these claims because Henderson had not raised the issue of his *religious* books being denied, so they had not been put on notice about the true nature of Henderson's claims. Dkt. 50, at 5. In his motion for reconsideration, Henderson cites *Jones 'el v. Berge*, 172 F. Supp. 2d 1128 (W.D. Wis. 2001),

for the proposition that "Once administrative remedies have been exhausted . . . [a]ny claim for relief that is within the scope of the pleadings may be litigated without further exhaustion." *Id.* at 1134. But the facts of *Jones 'el* were much different from Henderson's case: the court in *Jones 'el* discussed a potential problem with exhaustion for a claim for preliminary injunctive relief in a case brought by multiple plaintiffs, not all of whom had exhausted that claim. *See* 172 F. Supp. 2d at 1133–34. *Jones 'el* does not stand for the proposition that a grievance on a broad issue can exhaust a claim about a related but more narrow issue. Case law is clear that Henderson was required to "alert[ ] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). It's true that religious materials are a subset of the possessions that a prisoner might have. But prisoners often have broader rights concerning possession of religious materials than they have for items that are similar but secular in nature, which is a reason that a complaining inmate must alert prison officials that he is complaining about restrictions on religious property. If the officials don't know that the dispute is about religious property, they will not have a chance to apply standards concerning religious property. Because Henderson did not put prison officials on notice of the religious aspect of his claims, he failed to exhaust administrative remedies about those claims. So I will deny his motion for reconsideration on that ground.

ORDER

IT IS ORDERED that plaintiff Titus Henderson's motion for reconsideration of the court's March 10, 2020 order, Dkt. 54, is DENIED.

Entered July 23, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge